THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: |
| | ) | |
| DENTAL USA, INC., JAYSON MCCLELLAN; SHABBIR A. GUL d/b/a/ UNITED DENTAL USA; RANDALL PARDY; and MARKETING LOGISTICS LLC | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES HARTFORD CASUALTY INSURANCE COMPANY ("Hartford"), as Plaintiff, by and through its attorneys, Michael J. Duffy and Ashley Conaghan of Tressler LLP, and for its Complaint for Declaratory Judgment against DENTAL USA, INC. ("Dental USA"), JAYSON MCCLELLAN ("McClellan"); SHABBIR A. GUL d/b/a/ UNITED DENTAL USA ("Gul"); RANDALL PARDY ("Pardy"); and MARKETING LOGISTICS, LLC ("Marketing Logistics"), states as follows:

**STATEMENT OF CASE**

1. This action seeks a declaration that Hartford owes no insurance coverage obligations to Dental USA in connection with claims against it in a lawsuit, styled as Dental USA, Inc. v. Jayson McClellan et al., Case No.: 13-cv-00260 (Northern District of Illinois, Eastern Division)(hereinafter "McClellan lawsuit"). A true and accurate copy of the McClellan complaint and counterclaim are attached hereto respectively as Exhibits A and B.

**PARTIES, JURISDICTION AND VENUE**

2.      Hartford is an insurance company existing under the laws of Indiana with its principal place of business in Connecticut.

3.      Upon information and belief, Dental USA, Inc. is an Illinois corporation with its principal place of business in McHenry, Illinois.

4.      Upon information and belief, Jayson McClellan is a resident and citizen of New York.  McClellan is joined herein as an interested party to be bound by the judgment rendered by this Court.

5.      Upon information and belief, Shabbir A. Gul d/b/a United Dental USA, is a resident and citizen of New York.  Gul d/b/a United Dental USA is joined herein as an interested party to be bound by the judgment rendered by this Court.

6.      Upon information and belief, Randall E. Pardy is a resident and citizen of Michigan.  Pardy is joined herein as an interested party to be bound by the judgment rendered by this Court.

7.      Upon information and belief, Marketing Logistics is a Michigan Limited Liability Company with its principal place of business in Michigan.  Upon information and belief, Marketing Logistics' member is a citizen of Michigan. Marketing Logistics is joined herein as an interested party to be bound by the judgment rendered by this Court.

8.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this is a civil action founded on diversity of citizenship including Dental USA, who resides within this District and because this case involves coverage under a liability insurance policy issued in this District with respect to claims made against Dental USA in the McClellan lawsuit which is pending within this District.

## FACTS

10.     Hartford issued liability insurance policies to Dental USA bearing number 83SBAVX6966 effective annually from April 30, 2011 to April 30, 2014 ("Hartford Policies"). True and accurate copies of these policies are attached as Exhibits C, D, and E respectively.

11.     The commercial general liability coverage part in the Hartford Policies provide, in part:

### BUSINESS LIABILITY COVERAGE FORM

**A.      COVERAGES**

**1.      BUSINESS LIABILITY COVERGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)**

**Insuring Agreement**

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury," "property damage" or "personal

and advertising injury" to which this
insurance does not apply.

*       *       *

b.      This insurance applies:

(1)     To "bodily injury" and "property
damage" only if:

(a)     The "bodily injury" or
"property damage" is caused
by an "occurrence" that
takes place in the "coverage
territory;

(b)     The "bodily injury" or
"property damage" occurs
during the policy period; and

*       *       *

(2)     To "person and advertising injury"
caused by an offense arising out of
your business, but only if the offense
was committed in the "coverage
territory" during the policy period.

B.      **EXCLUSIONS**

1.      **Applicable To Business Liability Coverage**

**This insurance does not apply to:**

a.      **Expected Or Intended Injury**

(1)     "Bodily injury" or "property
damage" expected or intended from
the standpoint of the insured. This
exclusion does not apply to "bodily
injury" or "property damage"
resulting from the use of reasonable
force to protect persons or property;
or

4

(2)     "personal and advertising injury" arising out of an offense committed by, all the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury."

\*     \*     \*

**p.     Personal and Advertising Injury**

"Personal and advertising injury":

(1)     Arising out of oral, written or electronic publication of material, if done by or at the direction of the insured with knowledge of its falsity;

\*     \*     \*

(7)     Arising out of any violation of any intellectual property rights, such as copyright, patent, trademark, trade name, trade secret, service mark or other designation of origin or authenticity.

However, this exclusion does not apply to infringement, in your "advertisement", of:

(1)     Copyright

(2)     Slogan, unless the slogan is also a trademark, trade name, service mark or other designation or origin or authenticity; or

(c)     Title of any literary or artistic work;

\*     \*     \*

**G.     LIABILITY AND MEDICAL EXPENSES DEFINITIONS**

1.    "Advertisement," means the widespread public dissemination of information or images that has the purpose of inducing the sale of goods, products or services through:

    a. (1)   Radio;

       (2)   Television;

       (3)   Billboard;

       (4)   Magazine;

       (5)   Newspaper;

    b.    The internet, but only that part of a web site that is about goods, products or services for the purposes of inducing the sale of goods, products or services; or

    c.    Any other publication that is given widespread public distribution.

However, "advertisement" does not include:

    a.    The design, printed material, information or images contained in, on or upon the packaging or labeling o any goods or products; or

    b.    An interactive conversation between or among persons through a computer network.

            *      *      *

5.    "Bodily injury" means physical:

    a.    injury;

    b.    Sickness; or

    c.    Disease

sustained by a person and, if arising out of the above, mental anguish or death at any time.

\*   \*   \*

16. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17. "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

 a. False arrest, detention or imprisonment;

 b. Malicious prosecution;

 c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that the person occupies, committed by or on behalf of its owner, landlord or lessor;

 d. Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

 e. Oral, written or electronic publication of material that violates a person's right of privacy;

 f. Copying, in your "advertisement," a person's or organization's "advertising idea" or style of "advertisement";

 g. Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement"; or

 h. Discrimination or humiliation that results in injury to the feelings or reputation of a natural person.

\*   \*   \*

20. "Property damage" means:

a.  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.  Loss of use of tangible property that is not physically injured. All such loss o use shall be deemed to occur at the time of "occurrence" that caused it.

*       *       *

(Exhibits C, D, and E; Form SS 00 08 04 05).

12.  The 2012-2013 and 2013-2014 Hartford Policies also contain the following endorsement:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**AMENDMENT OF EXCLUSIONS AND
DEFINITION – PERSONAL AND ADVERTISING INJURY**

This endorsement modifies insurance provided under the following:

**BUSINESS LIABILITY COVERAGE FORM**

**A.**  Subparagraph 1.p. (7), (8), (15) of Paragraph **2**., of Section B. Exclusions is deleted and replaced with the following:

**p.**  **Personal and Advertising Injury:**

(7) (a) Arising out of any actual or alleged infringement or violation of any intellectual property right, such as copyright, patent, trademark, trade name, trade secret, service mark or other designation of origin or authenticity; or

(b) Any injury or damage alleged in any claim or "suit" that also alleges an infringement or violation of any intellectual property right, whether such allegation of infringement or

8

violation is made by you or by any other party involved in the claim or "suit," regardless of whether this insurance would otherwise apply.

However, this exclusion does not apply if the only allegation in the claim or "suit" involving any intellectual property right is limited to:

(1) Infringement, in your "advertisement," of:

(a) Copyright;

(b) Slogan; or

(c) Title of any literary or artistic work; or

(2) Copying, in your "advertisement," a person's or organization's "advertising idea" or style of "advertisement."

\*     \*     \*

(Exhibits D and E, Form SS 41 62 06 11).

13.     Dental USA has demanded that Hartford defend and indemnify it as an insured under the Hartford Policies with respect to the Dental USA's liability in the McClellan lawsuit.

14.     Hartford denies that it owes Dental USA any defense or indemnity obligations with respect to the claims against it in the McClellan lawsuit.

15.     An actual and justiciable controversy exists between Hartford and the Defendants as to the availability of insurance coverage for Dental USA with respect to the McClellan lawsuit under the Hartford Policies, described below, and pursuant to the Federal Declaratory Judgment Act, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

**COUNT I**

**NO "BODILY INJURY" OR "PROPERTY DAMAGE" CAUSED BY AN "OCCURRENCE"**

16.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 15 above as if fully set forth herein.

17.     Subject to all of the their terms, the Hartford Policies provide coverage for claims for "damages" because of "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined and used in the Policies.  (Ex. C, D and E, Form SS 00 08 04 05).

18.     The claims in the McClellan suit do not concern a claim for "damages" because of "bodily injury" or "property damage" caused by an "occurrence."  (Ex. B).

19.     Accordingly, Hartford does not owe any defense or indemnity obligations to Dental USA under the "bodily injury" or "property damage" liability coverage of the Hartford Policies for the claims against it in the McClellan suit.

WHEREFORE, Plaintiff, Hartford Casualty Insurance Company, prays that this Court enter the following relief:

A.      A declaration finding that Hartford Casualty Insurance Company owes no duty to defend or indemnify Dental USA for the claims against Dental USA in the McClellan suit; and

B.      For all such just and equitable relief, including costs of this suit.

**COUNT II**

**NO "PERSONAL AND ADVERTISING INJURY"**

20.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 15 above as if fully set forth herein.

21.     Subject to all of their terms, including the Personal and Advertising Injury Endorsement, the Hartford Policies provide coverage for certain claims for "damages" because of "personal and advertising injury."  (Ex. C, D and E, Form SS 00 08 04 05).

22.     The claims in the <u>McClellan</u> suit do not allege "personal and advertising injury" as defined by the Hartford Policies.  (Ex. B).

23.     Accordingly, Hartford does not owe any defense or indemnity obligations to Dental USA under the "personal and advertising injury" liability coverage of the Hartford Policies for the claims against it in the <u>McClellan</u> suit.

WHEREFORE, Plaintiff, Hartford Casualty Insurance Company, prays that this Court enter the following relief:

A.      A declaration finding that Hartford Casualty Insurance Company owes no duty to defend or indemnify Dental USA for the claims against Dental USA in the <u>McClellan</u> suit; and

B.      For all such just and equitable relief, including costs of this suit.

## COUNT III

## NO COVERED "DAMAGES"

24.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 15 above as if fully set forth herein.

25.     Subject to all of its terms, the Hartford Policies only require that the insurer pay "damages" which the insured becomes legally obligated to pay.  (Ex. C, D and E, Form SS 00 08 04 05).

26.     The <u>McClellan</u> counterclaim seeks injunctive relief, costs and attorneys' fees. (Ex. B).

27.     These claims do not seek "damages" under the Hartford policies as that term is employed or under Illinois law.

WHEREFORE, Plaintiff, Hartford Casualty Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Hartford Casualty Insurance Company owes no coverage to Dental USA for these claims against Dental USA in the <u>McClellan</u> suit; and

B.     For all such just and equitable relief, including costs of this suit.

## COUNT IV

## INTELLECTUAL PROPERTY EXCLUSIONS PRECLUDE COVERAGE

28.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 15 above as if fully set forth herein.

29.     The Hartford Policies preclude coverage for claims "[a]rising out of any violation of any intellectual property rights such as copyright, patent, trademark, trade name, trade secret, service mark or other designation of origin or authenticity."  (Ex. C, Form SS 00 08 04 05).

30.     The 2012-2013 and 2013-2014 Hartford Policies further preclude coverage for "any injury or damage alleged in any claim or 'suit' that also alleges an infringement or violation of any intellectual property rights, whether such allegations of infringement or violation is

made by you or by any other party involved in the claim or "suit", regardless of whether this insurance would otherwise apply." (Ex. D and E, Form SS 41 62 06 11).

31. The McClellan counterclaim contains claims against Dental USA which concern the alleged infringement of intellectual property rights; therefore, the claims fall within the Intellectual Property Exclusions in the Hartford Policies. (Ex. B).

32. Accordingly, Hartford has no duty to defend or indemnify Dental USA for the claims against it in the McClellan suit.

WHEREFORE, Plaintiff, Hartford Casualty Insurance Company, prays that this Court enter the following relief:

A. A declaration finding that Hartford Casualty Insurance Company owes no duty to defend or indemnify Dental USA for the claims against Dental USA in the McClellan suit; and

B. For all such just and equitable relief, including costs of this suit.

### COUNT V

### EXPECTED OR INTENDED INJURY EXCLUSION PRECLUDES COVERAGE

33. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 15 above as if fully set forth herein.

34. The Expected or Intended Injury Exclusion in the Hartford Policies precludes coverage for any "bodily injury" or "property damage" which is expected or intended from Dental USA's standpoint. (Ex. C, D and E, Form SS0008 04 05).

35. The Expected or Intended Injury Exclusion in the Hartford policies also preclude coverage for any "personal and advertising injury" that arise out of "an offense committed by,

13

at the direction or with the consent or acquiescence of the insured with the expectation of inflicting 'personal and advertising injury.'"  (Ex. C, D and E, Form SS 00 08 04 05).

36.     To the extent that any injury or damage for "bodily injury," "property damage" or "personal and advertising injury" is alleged in McClellan, the Expected or Intended Exclusion bars coverage.

37.     Accordingly, Hartford has no duty to defend or indemnify Dental USA for the claims against it in the McClellan suit.

WHEREFORE, Plaintiff, Hartford Casualty Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Hartford Casualty Insurance Company owes no duty to defend or indemnify Dental USA for the claims against Dental USA in the McClellan suit; and

B.     For all such just and equitable relief, including costs of this suit.

## COUNT VI

### KNOWLEDGE OF FALSITY EXCLUSION PRELUDES COVERAGE

38.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 15 above as if fully set forth herein.

39.     The Knowledge of Falsity Exclusion in the Hartford Policies preclude coverage for "personal and advertising injury" arising out of oral, written or electronic publication of materials if done by or at the direction of the insured with knowledge of its falsity.  (Ex. C, D and E, Form SS 00 08 04 05).

40.     To the extent that any injury or damage for "personal and advertising injury" is alleged in the McClellan suit, the Knowledge of Falsity Exclusion bars coverage for such claims.

41.     Therefore, Hartford has no duty to defend or indemnify Dental USA for the claims against it in the McClellan suit.

WHEREFORE, Plaintiff, Hartford Casualty Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Hartford Casualty Insurance Company owes no duty to defend or indemnify Dental USA for the claims against Dental USA in the McClellan suit; and

B.     For all such just and equitable relief, including costs of this suit.

## COUNT VII

## NO COVERAGE OUTSIDE POLICY PERIODS

42.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 15 above as if fully set forth herein.

43.     Subject to all of their terms, the Hartford Policies only provide coverage for "bodily injury" and "property damage" if they occur during the policy period and only for "personal and advertising injury" if the offense was committed during the policy period.  (Ex. C, D and E, Form SS 00 08 04 05).

44.     The first Hartford Policy issued to Dental USA was in effect from April 30, 2011 to April 30, 2012. (Ex. C).  The second Hartford Policy issued to Dental USA was in effect from April 30, 2012 to April 30, 2013.  (Ex. D).

45.     To the extent that any of the claims in the <u>McClellan</u> suit concern "bodily injury," "property damage," or "personal and advertising injury," upon information and belief, those injuries, damages and/or offenses took place after April 30, 2013 and there is no coverage for those claims under either the 2011-12 or 2012-13 Hartford Policies.

46.     Therefore, Hartford has no duty to defend or indemnify Dental USA under the 2011-12 and 2012-13 Hartford Policies for the <u>McClellan</u> suit.

WHEREFORE, Plaintiff, Hartford Casualty Insurance Company, prays that this Court enter the following relief:

A.      A declaration finding that Hartford Casualty Insurance Company owes no duty to defend or indemnify Dental USA under the 2011-12 and 2012-13 Hartford Policies for these claims against Dental USA in the <u>McClellan</u> suit; and

B.      For all such just and equitable relief, including costs of this suit.

## COUNT VIII

## QUALITY OR PERFORMANCE OF GOODS – FAILURE TO CONFORM TO STATEMENTS

## EXCLUSION PRECLUDES COVERAGE

47.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 15 above as if fully set forth herein.

48.     The Hartford Policies exclude coverage for "personal and advertising injury" arising out of the failure of goods, products, or services to conform with any statement of quality or performance made in your "advertisement."  (Ex. C, D and E, Form SS 00 08 04 05).

49. To the extent that the claims in the McClellan suit concern claims relating to the failure of goods, products, or services to conform with any statement of quality or performance made in Dental's USA advertisement, coverage is precluded under the Hartford Policies.

50. Therefore, Hartford has no duty to defend or indemnify Dental USA for these claims in the McClellan suit.

WHEREFORE, Plaintiff, Hartford Casualty Insurance Company, prays that this Court enter the following relief:

A.  A declaration finding that Hartford Casualty Insurance Company owes no duty to defend or indemnify Dental USA for these claims against Dental USA in the McClellan suit; and

B.  For all such just and equitable relief, including costs of this suit.

Respectfully Submitted,

HARTFORD CASUALTY INSURANCE COMPANY

By: ___/s/ Ashley L. Conaghan_____
One of Its Attorneys

Michael J. Duffy
Ashley L. Conaghan
TRESSLER LLP
Willis Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6308
(312) 627-4000
Doc#586339